UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 17-60009-CIV-GAYLES/HUNT

ERIC WATKINS,

            Plaintiff,

v.

OFFICER SHIELDS, et. al,

            Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on Defendants' Motion to Tax Costs. ECF No. 185. This matter was referred to the undersigned Magistrate Judge for a Report and Recommendation. Having carefully reviewed the Motion, the Response, the Reply, the entire case file, and applicable law, and being otherwise fully advised in the premises, the undersigned hereby recommends the Motion be GRANTED IN PART for the reasons outlined below.

This case concerned an allegedly unlawful arrest, in which Plaintiff, representing himself *pro se*, accused Defendants of violating his Constitutional rights during an arrest. On September 17, 2024, the Court entered final judgment following a jury verdict in Defendants' favor. ECF No. 182. Defendants now seek cost pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, S.D. Fla. Local Rule 7.3(c), 28 U.S.C. § 1920, and 28 U.S.C. § 1821.

Fed. R. Civ. P. 54(d) states in relevant part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be

allowed to the prevailing party." "[The] language [of Fed. R. Civ. P 54(d) creates a presumption in favor of awarding costs to the prevailing party which [the opposing party] must overcome." *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).

Plaintiff objects on multiple grounds. First, Plaintiff argues that Defendants' request is untimely. Second, Plaintiff argues that Defendants have not provided adequate documentation of their costs, and furthermore failed to reasonably mitigate those costs in light of Plaintiff's financial status, given that a private process server was used. Finally, Plaintiff argues that he cannot be expected to pay the costs due to his indigency.

As to the first objection, the Court notes that Defendants filed their Motion on October 17, 2025, within the thirty days from the September 17, 2025 entry of final judgment. Accordingly, Defendants' motion is timely under the local rules. *See* S.D. Fla. L.R. 7.3(c). As to the use of a private process server, the costs of service are routine expenses in litigation and compensable under 28 U.S.C. § 1920, but when a Plaintiff uses a private process server such costs are recoverable "provided the rate charged does not exceed the cost of having a U.S. Marshal effect service." *EEOC v. W & O, Inc.*, 213 F. 3d 600, 624 (11th Cir. 2000). Plaintiff is therefore entitled to recover the costs of service by a private process server, but only to the extent that the U.S. Marshals service would charge.

Finally, as to Plaintiff's indigency, the undersigned notes that after Defendants' Motion was filed, Plaintiff again asked the District Court to find him indigent for the purposes of filing an appeal in forma pauperis. ECF No. 195. The Court denied that request, finding that Plaintiff's finances did not support his claim of indigency. ECF No. 196. The undersigned sees no reason to depart from this finding.

2

The undersigned therefore finds that Defendants, as the prevailing party per the final judgment in their favor, are entitled to an award of costs.

Under 28 U.S.C. § 1920, the Court may tax costs for the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Defendants seek $195 in costs for the service of two subpoenas. Defendants were billed $120 for the service of one subpoena, and $70 for the service of another. Per 28 C.F.R. § 0.114(a)(3), the current rate is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." ECF No. 185-2. Although Defendants argue that the difficulty of serving the subpoenas justifies the additional cost, the undersigned finds the circumstances do not justify the higher fee. Therefore, only $130 of the service fees are recoverable.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully RECOMMENDS that Defendant's Bill of Costs, ECF No. 185, be GRANTED IN PART to the extent that Defendants be awarded $130 for serving summons and subpoenas. The Motion should otherwise be DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above

findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** at Fort Lauderdale, Florida this 25th day of July 2025.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Darrin P Gayles
All Counsel of Record
Plaintiff, Pro Se